Jeffrey B. Cereghino, SBN 099480
Email: jbc@rocklawcal.com
Michael F. Ram, SBN 104805
Email:  mram@rocklawcal.com
Matt J. Malone, SBN 221545
Email: mjm@rocklawcal.com
Susan Brown, SBN 287986
Email: sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO
& KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

John Yanchunis, FLBN 324681
Email: jyanchunis@forthepeople.com
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
201 N Franklin Street, Floor 7
Tampa, FL 33602-5157
Telephone: (813)275-5272
Facsimile: (813)275-9295

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LUCIDO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NESTLÉ PURINA PETCARE COMPANY, a Missouri corporation; and DOES1 through 200, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMAND |

Plaintiff FRANK LUCIDO, on behalf of himself and all others similarly, avers this class action Complaint against Defendant Nestlé Purina Petcare Company ("Nestlé Purina").

## I. NATURE OF THE CASE

1. Mr. Lucido brings this Class Action on behalf of all persons who purchased Beneful brand dog food in the four years prior to the filing of this complaint and whose dogs became ill or died as a result of eating Beneful. Beneful contains substances that are toxic to animals and that have resulted in the serious illness and death of thousands of dogs.

## II. PARTIES

2. Plaintiff Frank Lucido has at all material times been a resident of Discovery Bay, County of Contra Costa, California.

3. Defendant Nestlé Purina ("Defendant" or "Nestlé Purina") manufactures, distributes, markets, and sells pet foods, including Beneful. It is a Missouri corporation, with its principal place of business at Checkerboard Square, St. Louis, Missouri. It does business in California and throughout the United States of America. Nestlé Purina has sold dog food since 1957, and has sold Beneful since 2001. It has spent millions of dollars promoting trust and confidence among consumers in its pet food products. It holds itself out to the public as a manufacturer of safe, nutritious and high-quality pet food.

## III. JURISDICTION

4. This is a proposed class action.

5. Members of the proposed Class are citizens of California and the United States. Plaintiff is informed and believes that more than two-thirds of the proposed Class members are citizens of states different from the home state(s) of Nestlé Purina.

6. The aggregate claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interest and costs.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

8. Nestlé Purina intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of its products, including Beneful, and has sufficient minimum contacts in California that it is subject to personal jurisdiction here. Nestlé Purina is deemed to reside in this District pursuant to 28 U.S.C. § 1391(c). Nestlé Purina also committed the tortious acts that are the subject of this complaint in California, and within this district.

9. Venue is proper in this District under 28 U.S.C. §1391(a).

## IV. FACTUAL ALLEGATIONS

### A. Beneful Kibble Dog Food

10. Nestlé Purina manufactures, markets, distributes, and sells dog food, including "wet" dog food, dog treats, and a variety of dry "kibble" style dog foods under the brand name "Beneful." This class action concerns "kibble", which includes "Purina Beneful Healthy Weight"; "Purina Beneful Original"; "Purina Beneful Incredibites", and "Purina Beneful Healthy Growth For Puppies", "Purina Beneful Healthy Smile", "Purina Beneful Healthy Fiesta", "Purina Beneful Healthy Radiance", and "Purina Beneful Playful Life" (together, "Beneful"). The packaging in which Nestlé Purina sells Beneful states:

- "Satisfaction Guaranteed. If you're not happy, we're not happy. Complete satisfaction or your money back…"
- "At Purina, we're unconditionally devoted to pets. We've dedicated over 80 years to developing the high-quality products that satisfy the needs of dogs and cats."
- "100% Complete and Balanced Nutrition"
- "Yes, dogs can have it all—and should! How? A special blend of wholesome ingredients, including grains, real beef, and accents of vitamin-rich veggies! It gives dogs the complete nutrition they need and a taste they love." (Beneful Original)

- "Made with wholesome rice, real chicken, soy, and accented with veggies and apples, it has the complete nutrition adult dogs need…" (Beneful Healthy Weight)
- "With real chicken, wholesome rice, and accents of vitamin-rich veggies, it has the complete nutrition puppies need…" (Beneful Healthy Growth for Puppies")
- "When your puppy is grown, Beneful has so many delicious ways to help keep him healthy and happy." (Beneful Healthy Growth for Puppies)

11. In the past four years, consumers have made more than 3,000 online complaints about dogs becoming ill, in many cases very seriously ill, and/or dying after eating Beneful. The dogs show consistent symptoms, including stomach and related internal bleeding, liver malfunction or failure, vomiting, diarrhea, dehydration, weight loss, seizures, bloat, and kidney failure.

- On January 31, 2015, one week after Mr. Lucido's dog died, a pet owner reported, "after eating Beneful for just over a week, my dogs liver failed. She was drinking way more than usual, stopped eating and was vomiting. She spent 2 days in intensive care with IV fluids and antibiotics."

- On December 23, 2014, another pet owner reported: "we started using Beneful dog food for our 9-year old dog Roxie a few weeks ago. A few days later our dog started going to the bathroom all over our house. She also started drinking a lot more water than usual…brought her to the Vet for blood work and her liver functions were really high…Two days later our dog had passed away in our family room."

- On October, 19, 2014, another pet owner reported: "My dog Daisy started getting bad sick after my vet recommended Purina Beneful dog food. She's vomiting, very weak, dehydrated, lethargic, couldn't walk. She's always been a happy playful yorkie. We been to vet, spend 300 dollars on her."

- "Dog (8 years old) getting surgery on 10/20/2014. Vet said it was bladder stones, large ones. Asked us what type of dog food we use. Beneful. He said that makes sense, a lot of dogs come in with this condition, always Beneful." - published October 17, 2014.

- "My 1 1/2 year old dog has been suffering with vomiting, diarrhea, lethargic and no desire to eat for the last three weeks. We've been back and forth to the vet and vet hospital many times. I've spent over $6,000 on overnight stays and exploratory surgery...My dog had been home for four days and all he was eating was chicken,

cheerios, yogurt and pumpkin. Last night he ate beneful and today we are back to square one…This food should not be on the market!!" Published October 2, 2014.

- "I rescued a very healthy pug three years ago. About two and a half years ago I had a coupon for Beneful. My dog got very sick stopped eating was weak and had loose diarrhea…Three months later my wonderful dog was dead. I sent the UPC to Beneful. They reimbursed me for the vet bills that were about $700.00." Published September 21, 2014.

- "We ran out of dog food one day and my husband brought home a bag of Beneful Healthy Fiesta...My 5 year old shar pei ate half a bowl and the next morning was kinda mopey looking. I came home from work that night and he was throwing up bile everywhere. We tried giving him water and he wouldn't even drink. The next morning I found my dog dead. Up until the day this food was given to him, he was a lively and happy dog. I attribute his death to this horrible dog food that is still being sold. After reading all of the complaints on this dog food, Purina should be ashamed and made to take this brand off of the shelves." Published September 20, 2014.

- "…I bought a bag of Beneful from Walmart. I weened my dog into it using the remainder of her science diet. As soon as she started eating the Beneful on its own, she would throw it up. Every night for a week I would be woken up by her puking. On Sunday I switched her back to the regular science diet (not sensitive) but she wouldn't eat it so I tried giving her Beneful and she wouldn't eat that...We're talking about a dog who LOVES her some boiled chicken. Anyway after 3 days of her not eating anything except grass and barely drinking any water I took her to the vet. They took her temperature rectally and when they pulled out the thermometer there was blood. After lab work was done and came back clear, they did some feeling around and found her lower intestine to be swollen. She has never had issues like this before…" Posted September 4, 2014.

- "After opening a new bag of Playful Life by Beneful my dog was horribly sick. He was vomiting, diarrhea, lethargic, wheezing and couldn't walk or eat. We rushed him to the vet where he was put on steroids, IV to re-hydrate and antibiotics. He almost died. He was there for four days…This past Monday we started him back on Beneful (the same bag). He was worse than before in just hours. We got him to the hospital and the vet got him on an IV and flushed his system. He was sure it was this Lot of food." Posted August 7, 2014.

12. On information and belief, these illnesses and deaths were caused by substances in Beneful that are toxic to dogs, including, but not limited to:

1. **Propylene glycol,** an automotive antifreeze component that is a known animal toxin and is poisonous to cats and dogs.

   (http://www.petpoisonhelpline.com/poison/propylene-glycol/) Nestlé Purina lists

propylene glycol high in the ingredient list of every formulation of Beneful. On information and belief, Nestlé Purina adds it to Beneful to retain the food's moisture. The FDA has prohibited the use of propylene glycol in cat foods. 21 CFR 589.1001. The regulatory prohibition is known to Nestlé Purina as a manufacturer of cat foods.

2. **Mycotoxins,** a group of toxins produced by fungus that occurs in grains, which are a principal ingredient in Beneful. Independent consumer advocate group The Association for Truth In Pet Food conducted testing of Beneful Original and found that it contained dangerous levels of mycotoxins. (http://associationfortruthinpetfood.com/wp-content/uploads/2015/01/PFTestInfoGraphic.jpg) Mycotoxins are a known, significant health risk to dogs. Consumer complaints about Beneful report symptoms that are consistent with mycotoxin poisoning. (http://news.cornell.edu/stories/2005/12/vet-college-caring-dogs-poisoned-contaminated-food).

B. **Plaintiff's Experience with Beneful**

13. Mr. Lucido and his family owned three dogs: Nella, a four-year old purebred German Shepherd sired by a champion show dog; Dozer, an eight-year old English Bulldog; and Remo, and eleven year-old Labrador.

14. In late December 2014 or early January 2015, Mr. Lucido purchased a bag of Beneful for the first time. He subsequently purchased two additional bags. Between late December or early Janaury 2015 and approximately January 15, 2015, all three dogs ate exclusively Beneful. Notably, due to home renovations Mr. Lucido had undertaken at the time, the three dogs were housed at different homes and were kept in different environments during the relevant time period

15. On approximately January 15th, 2015, Mr. Lucido's wife noticed that Nella, his healthy German Shepherd, was losing large amounts of hair and producing an unusual and unpleasant odor. Mr. Lucido became concerned about the possibility that Beneful was causing this. Shortly thereafter, on the night of January 17th, Nella became violently ill. Veterinary

1 examination and testing revealed signs of internal bleeding in her stomach and liver
2 malfunction consistent with poisoning. Nella continues to have ongoing health problems and
3 Mr. Lucido has incurred significant veterinary and pharmaceutical expenses treating these
4 problems.

16. During this time, Mr. Lucido noted that his English Bulldog, Dozer, appeared lethargic. On January 23rd, less than one week after Nella fell ill, Mr. Lucido's wife went into the yard to feed Dozer and found him dead. Post-mortem veterinary examination revealed signs of internal bleeding in the dog's stomach and lesions on his liver, much like Nella. Mr. Lucido is currently awaiting the results of post-mortem toxicology testing on Dozer.

17. Mr. Lucido's third dog, the Laborador named Remo, has been unwell since shortly after Dozer's death and is currently undergoing medical testing.

18. As a result of Nestlé Purina's conduct, Mr. Lucido and the Class have suffered economic losses including the purchase price of Beneful and veterinary and related medical expenses. Mr. Lucido and Class members whose dogs have died have also lost the fair market value and the additional unique value of their pets.

## V.  CLASS ACTION ALLEGATIONS

19. Mr. Lucido brings this claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class and one subclass. As set forth below, this class action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements. Mr. Lucido brings this suit on behalf of the following class and subclass:

    a.    The Class: All persons residing in the United States who purchased Beneful dog food in the past four years and who incurred any out of pocket costs due to illness, injury or death of their dog resulting from the ingestion of Beneful.

    b.    The California Subclass: All persons residing in the State of California purchased Beneful dog food for personal or household use and not for resale

within the last four years who incurred any out of pocket costs due to illness, injury or death of their dog resulting from the ingestion of Beneful.

20. Excluded from the Class and Subclass are Defendant and its officers, directors and employees; any entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs and assigns of Defendant; any federal, state, or local government entity; and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

21. Questions of law and fact are common to the Class and Subclass and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of the litigation:

   a) Whether Defendant made representations regarding the safety of Beneful, which it produced and sold;
   b) Whether the representations Defendant made regarding the safety and quality of Beneful were true, or whether Defendant knows whether they were true or not;
   c) Whether, by its misconduct as set forth here, Defendant has engaged in unlawful or fraudulent business practices;
   d) Whether the Defendant breached its express warranty;
   e) Whether the Defendant breached its implied warranty of merchantability;
   f) Whether Mr. Lucido and the Class and Subclass members have been damaged.

22. The claims of Mr. Lucido are typical of the claims of the Class and Subclass. Mr. Lucido has no interests antagonistic to those of the Class and Subclass, and Defendant has no defenses unique to Mr. Lucido.

23. Mr. Lucido will protect the interests of the Class and Subclass fairly and adequately, and Mr. Lucido has retained attorneys experienced in complex class action litigation.

24. A class action is superior to all other available methods for this controversy because (i) the prosecution of separate actions by the members of the Class and Subclass would create a risk of adjudications with respect to individual members of the Class and Subclass that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; (ii) the prosecution of separate actions by members of the Class and Subclass would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class and Subclass, which would establish incompatible standards of conduct for Defendant; (iii) Defendant acted or refused to act on grounds generally applicable to the Class and Subclass; and (iv) questions of law and fact common to the Class and Subclass predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. Mr. Lucido does not anticipate any difficulty in the management of this litigation.

26. The nature of notice to the proposed Class and Subclass is contemplated to be by direct mail/e-mail upon certification of the Class and Subclass or, if such notice is not practicable, by the best notice practicable under the circumstance including, but not limited to, publication in major newspapers and on the Internet.

**FIRST CAUSE OF ACTION**
**Breach of Implied Warranty**
**On Behalf of the Class**

27. Mr. Lucido realleges all prior allegations as though fully set forth herein.

28. Mr. Lucido and Class members purchased pet food produced by the Defendant based on the implied understanding that Beneful was safe for their pets to consume.

29. Beneful was and is not safe for pets to consume and has caused pets to become ill and/or die after consumption.

30. Beneful constitutes a "good" within the meaning of Uniform Commercial Code

Article 2.

31. Defendant's conduct as described herein constitutes a breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose in that Beneful is dangerous and not fit for its purpose as a dog food.

32. As a proximate result of the aforementioned wrongful conduct and breach, Mr. Lucido and Class members have suffered damage in an amount to be proven at trial. Defendant had actual or constructive notice of such damages, and such damages may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties at the time they made warranties as to Beneful, and the probable result of the breach of such warranties.

## SECOND CAUSE OF ACTION
### Breach of Express Warranty
### On Behalf of the Class

33. Mr. Lucido realleges all prior allegations as though fully set forth herein.

34. The representations on Defendant's packaging created an express warranty that the contents shall conform to the representations of the package, including that Beneful is fit for consumption by pets, under both common law and section 2-313 of the Uniform Commercial Code. Said representations include, but are not limited to, Beneful being "healthy," offering "great nutrition" to dogs, promoting "healthy growth" and that customers' satisfaction would be guaranteed.

35. Mr. Lucido and the Class reasonably and foreseeably relied on this warranty in the contract for purchase of Beneful for the purpose of feeding their pets, such that the warranty became a basis of the bargain by which Mr. Lucido and the Class chose to purchase Beneful.

36. Beneful was not safe for pets to consume and caused pets to become ill and/or die. The unsafe nature of the pet food constituted a breach of the express warranty.

37. As a proximate result of the aforementioned wrongful conduct and breach, Mr. Lucido and Class members have suffered damage in an amount to be proven at trial. Defendant

1  has actual or constructive notice of such damages, and such damages may fairly and reasonably
2  be considered as arising naturally from the breach or may reasonably be supposed to have been
3  in the contemplation of the parties at the time they made warranties as to Beneful, and the
4  probable result of the breach of such warranties.

### THIRD CAUSE OF ACTION
### Negligence
### On Behalf of the Class

38.  Mr. Lucido realleges all prior allegations as though fully set forth herein.

39.  Defendant owed a duty of care to Mr. Lucido and the Class to offer pet food free from deleterious and harmful effects and suitable for consumption by dogs.

40.  Defendant breached this duty by selling Beneful, which is harmful and deleterious, without adequate quality control and testing; without using proper manufacturing and production practices; without properly investigating reports of pet deaths and illnesses following consumption of Beneful; and without adequately warning Mr. Lucido and the Class of the dangers on the product packaging. Such conduct by Defendant was negligent and/or reckless.

41.  Defendant knew or should have known that Beneful posed a risk of harm to pets; that purchasers of Beneful, including Mr. Lucido and the Class, would not recognize the risk; and that consumption of Beneful by pets would foreseeably result in injury and death to pets, constituting property damage to Mr. Lucido and the Class.

42.  As a proximate cause of Defendant's negligent acts alleged herein, Mr. Lucido and the Class members suffered injury to property, specifically in the illness and deaths of their pets and associated expenses, in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Negligent Misrepresentation
### On Behalf of the Class

43.  Mr. Lucido realleges all prior allegations as though fully set forth herein.

44.  Defendant owed Mr. Lucido and the Class a duty to exercise reasonable care in

representing the safety of Beneful.

45. Defendant falsely represented that Beneful was safe for consumption by dogs.

46. In reality, Beneful caused dogs to become ill and, in some cases, to die.

47. Mr. Lucido and the Class reasonably relied on the information provided by Defendant regarding the safety of Beneful.

48. As a proximate cause of Defendant's false representations, Mr. Lucido and the Class members suffered injury to property, specifically in the illness and deaths of their pets and associated expenses, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Strict Products Liability**
**On Behalf of the Class**

49. Mr. Lucido realleges all prior allegations as though fully set forth herein.

50. Defendant, as set forth above, is a manufacturer and distributor of Beneful.

51. Beneful in all its forms is defective in design and/or manufacture in that it contains and ingredient or ingredients that are harmful to animals upon consumption. Beneful was further defective due to inadequate testing. Defendant knew that Beneful would be purchased and used without inspection, or testing for defects and harmful substances by the purchaser.

52. Further, Beneful was under the exclusive control of Defendant and was sold without warning as to its health risks. Defendant had a duty to warn purchasers of the health risks posed by Beneful in an effective manner. Such warnings should have been placed on the packaging at point-of-sale or in another manner reasonably calculated to fairly warn purchasers of the danger.

53. The kinds of harm which befell Mr. Lucido and the Class and their pets were foreseeable results of the defects in Beneful.

54. Neither Mr. Lucido nor any member of the Class had any reason to know, prior to or at the time of purchase, or any time prior to the injuries to their pets, that Beneful was

defective and harmful.

55. Mr. Lucido and the Class have been damaged as a result of the defects in design and manufacture of Beneful, and as a result of Defendant's failure to warn of its health risks, in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
**Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §1750 *et seq.*)**
**On Behalf of the California Subclass**

56. Mr. Lucido realleges all prior allegations as though fully set forth herein.

57. Defendant's sale of dangerous and defective pet food constitutes an unlawful, deceptive and unfair business act within the meaning of the Consumers Legal Remedies Act, California Civil Code section 1750 *et seq*.

58. Defendant is a "person" as defined under California Civil Code section 1761(c).

59. Defendant violated Civil Code sections 1770(a)(5) and (a)(7) when it failed to disclose that Beneful is inherently defective and dangerous and not fit for its intended purpose. Defendant's sale of hazardous pet food has the capacity to deceive a substantial portion of the public and to affect the public interest.

60. As a result of the practices described herein, Defendant has committed the following violations of section 1770:

    a. Defendant have represented that Beneful has characteristics or benefits that it does not have including. that it is "healthy" and offers "great nutrition" (section 1770(a)(5)); and

    b. Defendant has falsely represented that Beneful is of a particular standard, quality, or grade (section 1770(a)(7)).

61. Defendants undertook its deceptive practices with the design and purpose of inducing Mr. Lucido and the California Subclass to purchase Beneful, which they did.

62. Defendant engaged in marketing efforts to reach the California Subclass and persuade members to purchase Beneful, which was defective, leading to the injuries to their

1  pets and other damages.

2      63.    As a result of Defendant's unfair and deceptive acts and practices, Mr. Lucido
3  and the California Subclass have suffered damages in an amount to be proven at trial.

4      64.    Mr. Lucido and the California Subclass are providing Defendant with the notice
5  required by the Consumers Legal Remedies Act by giving notice of Defendant's violation of
6  the Act by certified mail.  Mr. Lucido and the California Subclass at this time request only
7  injunctive relief, until the expiration of the thirty-day period in which Defendant may respond
8  to the notice.  Such injunctive relief may include recall, among other things.  Mr. Lucido and
9  the California Subclass will amend the Complaint to add claims for damages in the event
10 Defendant does not respond to the notice in the specified time.  As such, Mr. Lucido has
11 complied with California Civil Code section 1782(a).

## SEVENTH CAUSE OF ACTION
**Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §17200 *et seq.*)**
**On Behalf of the California Subclass**

14     65.    Mr. Lucido realleges all prior allegations as though fully set forth herein.

15     66.    Defendant's practices as alleged in this Complaint constitute unlawful, unfair
16 and fraudulent business acts and practices under the UCL, Bus. & Prof. Code §§ 17200, *et seq.*

17     67.    The UCL prohibits acts of "unfair competition," including any unlawful, unfair,
18 or fraudulent business act or practice.

19     68.    A violation of another law is treated as "unlawful competition" that is
20 independently actionable. A business practice is "unfair" if: a) the utility of Defendant's
21 conduct is substantially outweighed by the gravity of the harm to the alleged victim; b)
22 Defendant's practice violates public policy as declared by specific constitutional, statutory, or
23 regulatory provisions or is immoral, unethical, oppressive, unscrupulous, or substantially
24 injurious to consumers; or c) Defendant's practice would deceive a reasonable consumer.

25     69.    Defendant committed unlawful practices because it violated the CLRA.

26     70.    Defendant committed unfair practices because it manufactured and distributed

27

1  Beneful, which is harmful to dogs, despite knowledge of the defect, and in a manner that would
2  deceive a reasonable consumer.

3      71.    Defendant engaged in unfair, deceptive, untrue or misleading advertising by
4  representing that Beneful was "healthy," with "great nutrition," and that it promoted "healthy
5  growth" such that Defendant guaranteed satisfaction, despite the fact that Beneful was not safe
6  for consumption by dogs.

7      72.    Defendant committed unfair, unlawful or fraudulent practices by: (a)
8  representing that Beneful was safe for dogs to consume when it was not; and (b) continuing to
9  represent the health benefits of Beneful despite being aware of numerous complaints from users
10 of Beneful that their dogs had become ill or died after consuming it.

11     73.    Mr. Lucido and the California Subclass members relied on such statements and
12 omissions.  Had Mr. Lucido and the California Subclass members known that Beneful
13 presented a health hazard to their dogs, they never would have purchased it.

14     74.    Accordingly, Plaintiff seeks an injunction requiring Defendant to cease selling
15 Beneful and to recall any of the product currently in distribution, restitution, and all other relief
16 this Court deems appropriate.

## EIGHTH CAUSE OF ACTION
**Violation of the False Advertising Law (Cal. Bus. & Prof. Code §17500 *et seq.*)**
**On Behalf of the California Subclass**

19     75.    Mr. Lucido realleges all prior allegations as though fully set forth herein.
20     76.    Defendant disseminated advertising within California and throughout the United
21 States. Defendant disseminated or caused to be disseminated the materially untrue and
22 misleading advertising described in this Complaint with the intent to directly or indirectly
23 induce Mr. Lucido and the California Subclass to purchase Beneful.

24     77.    The advertising misrepresenting the Beneful's health benefits, or omitting to
25 state that Beneful posed a health risk to dogs, were untrue, misleading, and deceptive as set
26 forth in this Complaint.

27

78. When Defendant disseminated the advertising described here, it knew, or by the exercise of reasonable care should have known, that the statements concerning Beneful were untrue or misleading, or omitted to state the truth about the Beneful, in violation of the False Advertising Law, Cal. Bus. & Prof. Code §17500, *et seq.*

79. Mr. Lucido, on behalf of himself and the California Subclass, seeks restitution, disgorgement, injunctive relief, and all other relief allowable under §17500, *et seq.*

## **PRAYER**

WHEREFORE, Mr. Lucido and the Class and Subclass request that the Court enter an order of judgment against Defendant including the following:

1. Certification of the action as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

2. An order requiring Defendant to pay Mr. Lucido and other Class and Subclass members an amount of actual, statutory, and punitive damages, and restitution in an amount to be determined at trial, and where allowed by law;

3. An order grating equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendant as a result of the unlawful, unfair and/or deceptive conduct alleged herein;

4. An order granting Plaintiffs' reasonable costs and attorneys' fees; and

5. An order granting such other relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

Respectfully submitted,

Dated: February 5, 2015           By: */s/ Jeffrey B. Cereghino*

Jeffrey B. Cereghino, SBN 099480
Email: jbc@rocklawcal.com
Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
RAM, OLSON, CEREGHINO
 & KOPCZYNSKI
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

John Yanchunis, FLBN 324681
Email: jyanchunis@forthepeople.com
MORGAN & MORGAN COMPLEX
LITIGATION GROUP
201 N Franklin Street, Floor 7
Tampa, FL 33602-5157
Telephone: (813)275-5272
Facsimile: (813)275-9295

Karl Molineux, SBN 152884
Email: KMolineux@merrillnomura.com
Charles Merrill, SBN 87861
Email: cmerrill@merrillnomura.com
MERRILL, NOMURA & MOLINEUX
65 Oak Ct.
Danville, CA 94526-3320
Telephone: (925) 833-1000
Facsimile:  (925) 833-1001

Donna F. Solen, SBN 297051
Email: dsolen@kkslegal.com
KIMBRELL KIMBRELL & SOLEN LLC
660 Pennsylvania Avenue, SE
Suite 302
Washington, DC 20003
Telephone: (202) 810-1999 ext. 1

*Attorneys for Plaintiff and Proposed Class*