Jeffrey B. Cereghino, SBN 099480
Email: jbc@rocklawcal.com
Michael F. Ram, SBN 104805
Email:_mram@rocklawcal.com
Matt J. Malone, SBN 221545
Email: mjm@rocklawcal.com
Susan Brown, SBN 287986
Email:_sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO
    & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK LUCIDO, ALMACEO AND LAURAE CAMPBELL, RICHARD CARTER, REGGIE SMITH, DAVID BALMER, KAREN PHILLIPS, WAYNE COLELLO, KAREN BAKER, RICKY BISHARAT, HOPE BENHAM, ROBIN BENHAM, VIRGINIA BURGARDT, CYNTHIA XENAKIS, DIANE PORTER, LANCE CARLSON, GRACE ARMSTRONG, JENNIFER HICKEY, THOMAS AND SHARON NORMAND, CHRISTINA WINTERS, ROBERT BRYDEN, REGINA BOLLINGER, PAT KELLY, AMERICA PENA, ELIZABETH RODARTE, and KACY KIMBALL, on behalf of themselves and all others similarly situated, | Case No. 15-cv-00569-EMC <br><br> <u>CLASS ACTION</u> <br><br> **STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** <br><br> Judge:                Hon. Edward M. Chen <br> Courtroom:        5 <br><br> Complaint Filed:  February 5, 2015 |
| Plaintiffs, | |
| v. | |
| NESTLÉ PURINA PETCARE COMPANY, a Missouri corporation; and DOES1 through 200, inclusive, | |
| Defendants. | |

1

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties to this action hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and is not a current employee of a business competitor of a party or currently anticipated to become an employee of a business competitor of a party.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Litigant or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information independently known to the Receiving Party where such knowledge was obtained by the Receiving Party in a lawful manner via a lawful source who obtained the information lawfully and was under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party

5

must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        (b)    for testimony given in deposition or in other pretrial or trial proceedings, that

the Designating Party identify on the record, before the close of the deposition, hearing, or other

proceeding, all protected testimony.  When it is impractical to identify separately each portion of

testimony that is entitled to protection and it appears that substantial portions of the testimony may

qualify for protection, the Designating Party may invoke on the record (before the deposition,

hearing, or other proceeding is concluded) a right to have up to 14 days to identify the specific

portions of the testimony as to which protection is sought and to specify the level of protection being

asserted. Only those portions of the testimony that are appropriately designated for protection within

the 14 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a

Designating Party may specify, at the deposition or up to 14 days afterwards if that period is

properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

other proceeding to include Protected Material so that the other parties can ensure that only

authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

        Transcripts containing Protected Material shall have an obvious legend on the title page that

the transcript contains Protected Material, and the title page shall be followed by a list of all pages

(including line numbers as appropriate) that have been designated as Protected Material and the level

of protection being asserted by the Designating Party. The Designating Party shall inform the court

reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day

period for designation shall be treated during that period as if it had been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

In the event that any document, material, or testimony that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Producing Party that inadvertently produced the document shall give written notice of such inadvertent production within 21 days of discovery of the inadvertent production, together with a further copy of the subject document, material, or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, material, or testimony shall promptly destroy the inadvertently produced document, material, or testimony and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such documents, material, or testimony to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated documents, material, or testimony. Should the Receiving Party choose to destroy such inadvertently produced document, material, or testimony, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges. In the event that this provision

7

conflicts with any applicable law regarding waiver of confidentiality through the inadvertent

production of documents, material, or testimony, such law shall govern

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original

designation is disclosed.

      6.2      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each

challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

recite that the challenge to confidentiality is being made in accordance with this specific paragraph

of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

begin the process by conferring directly (in voice to voice dialogue; other forms of communication

are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is

unwilling to participate in the meet and confer process in a timely manner.

      6.3      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

competent declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1      7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

2  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

3  information or item designated "CONFIDENTIAL" only to:

4              (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

5  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

6  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

7  Bound" that is attached hereto as Exhibit A;

8              (b)      the officers, directors, and employees (including House Counsel) of the

9  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

10  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11              (c)      Experts of the Receiving Party to whom disclosure is reasonably necessary for

12  this litigation and who haves signed the "Acknowledgment and Agreement to Be Bound"

13  (Exhibit A);

14              (d)      the court and its personnel;

15              (e)      court reporters and their staff, professional jury or trial consultants, and

16  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

17  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18              (f)      during their depositions, witnesses in the action to whom disclosure is

19  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

21  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

22  separately bound by the court reporter and may not be disclosed to anyone except as permitted under

23  this Stipulated Protective Order; and

24              (g)      the author or recipient of a document containing the information or a

25  custodian or other person who otherwise possessed or knew the information.

26      **7**.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

27  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

28

AMECURRENT 716816401.1 02-Jul-15 08:42

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Receiving Party's House Counsel, to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Custody of Executed Copies of "Acknowledgment and Agreement to Be Bound" (Exhibit A) and Providing Copies to other party. As to each executed copy of an "Acknowledgment and Agreement to Be Bound" (Exhibit A) required to be procured by a party under this Protective Order, the procuring party shall retain the original executed copy and shall, except for an Expert, provide a copy to the other party prior upon that party's request.  As for copies of an "Acknowledgment and Agreement to Be Bound" executed by an Expert, the procuring party shall provide upon the producing party's request, a copy of the executed Exhibit A to the other party at the earlier of (a) the date such Expert must be identified to other parties under the Federal Rules of Civil Procedure or court order, and (b) within 10 days after the final disposition of this action, as defined in paragraph 4.  Notwithstanding any contrary language in this Protective Order with respect to

retaining CONFIDENTIAL information following final disposition of this action, each party and its Outside Counsel of Record may retain executed copies of Exhibit A indefinitely.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material  in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.

14

1    As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

2    summaries, and any other format reproducing or capturing any of the Protected Material. Whether

3    the Protected Material is returned or destroyed, the Receiving Party must submit a written

4    certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

5    by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

6    that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

7    abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

8    Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

9    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

10    correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

11    and expert work product, even if such materials contain Protected Material. Any such archival copies

12    that contain or constitute Protected Material remain subject to this Protective Order as set forth in

13    Section 4 (DURATION).

14    Dated:  August 5, 2015         _/s/ Jeffrey B. Cerghino, SBN 099480_

15                   Jeffrey B. Cereghino, SBN 099480
                  Email: jbc@rocklawcal.com

16                   Michael F. Ram, SBN 104805
                  Email:_mram@rocklawcal.com

17                   Matt J. Malone, SBN 221545
                  Email:_mjm@rocklawcal.com

18                   Susan Brown, SBN 287986

19                   Email: sbrown@rocklawcal.com

20                   RAM, OLSON, CEREGHINO
                   & KOPCZYNSKI LLP

21                   555 Montgomery Street, Suite 820
                  San Francisco, California  94111

22                   Telephone:  (415) 433-4949

23                   Facsimile:  (415) 433-7311

24                   Karl Molineux, SBN 152884
                  Donna F. Solen, SBN 297051

25                   Email: dsolen@kkslegal.com

26                   KIMBRELL & SOLEN LLC
                  660 Pennsylvania Avenue, SE, Suite 302

27                   Washington, DC 20003
                  Telephone: (202) 810-1999 ext. 1

28                   Facsimile:  (202) 318-8869

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Beth E. Terrell, SBN 178181
Email:  bterrell@tmdwlaw.com
Adrienne D. McEntee
Email:  amcentee@tmdwlaw.com
Samuel J. Strauss
Email:  sstrauss@tmdwlaw.com
TERRELL MARSHALL DAUDT
     & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

David Pastor, *Admitted Pro Hac Vice*
Email:  dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110
Telephone:  (617) 742-9700
Facsimile:  (617) 742-9701

Preston W. Leonard
Email:  pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, P.C.
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110
Telephone:  (617) 329-1295

Todd Garber
Email:tgarber@fbfglaw.com
Greg Blankinship
Email: gblankinship@fbfglaw.com
FINKELSTEIN, BLANKINSHIP,
     FREI-PEARSON & GARBER, LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Telephone:  (914) 298-3281, ext 2803
Facsimile:  (914) 824-1561

Alan M. Mansfield, SBN 125998
Consumer Law Group of California
Email:  alan@clgca.com
CONSUMER LAW GROUP
10200 Willow Creek Road, Suite 160
San Diego, California 92131
Telephone:  (619) 308-5034
Facsimile:  (855) 274-1888

16

1
2
3
4

Roger Mandel, *Admitted Pro Hac Vice*
Email:  rlm@lhlaw.net
LACKEY HERSHMAN, L.L.P
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone:  (214) 560-2201
Facsimile:  (214) 560-2203

5
6
7
8
9
10
11

Denise Sayer
Email: denise.sayer@paliareroland.com
Odette Soriano
Email:  odette.soriano@paliareroland.com
Margaret Waddell
Email:  marg.waddell@paliareroland.com
PALIARE ROLAND ROSENBERG
   ROTHSTEIN LLP
155 Wellington Street W
Toronto, ON M5J, Canada
Telephone:  (416) 646-4300

12
13
14
15

Kenneth G. Gilman
Email:  Kgilman@gilmanpastor.com
GILMAN LAW LLP
8951 Bonita Beach Road, S.E., Suite 525
Bonita Springs, Florida  34135
Telephone:  (888) 252-0048

16
17
18
19
20

Michael J. Flannery
Email: mflannery@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
300 North Tucker Boulevard, No. 801
St. Louis, Missouri 63101
Telephone:  (202)-587-5063
Facsimile:  (202) 789-1813

21
22
23
24

Jennifer R. Edwards
Email: jre@TheAnimalLawCenter.com
THE ANIMAL LAW CENTER
730 W. Hampden Avenue, #304
Englewood, Colorado 80110
Telephone:  (303) 322-4355

25
26
27
28

Kim E. Richman
Email: krichman@richmanlawgroup.com
THE RICHMAN LAW GROUP
195 Plymouth Street
Brooklyn, New York 11201
Telephone:  (212) 687-8291

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas E. Soule
Email:  tsoule@edcombs.com
EDLEMAN, COMBS, LATTURNER
   & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone:  (312) 739-4200
Facsimile:  (312) 419-0379

S. Chandler Visher
Email: chandler@visherlaw.com
LAW OFFICES OF S.
   CHANDLER VISHER
44 Montgomery Street, Suite 3830
San Francisco, California  94104
Telephone:  (415) 901-0500
Facsimile:  (415) 901-0504

*Attorneys for Plaintiffs and Proposed Class*

Dated:  August 5, 2015

   _/s/ Dale J. Giali, SBN 150382_____
Dale J. Giali, SBN #150382
Email:  dgiali@mayerbrown.com
Andrea M. Weiss, SBN # 252429
Email:  aweiss@mayerbrown.com
Keri Elizabeth Borders, SBN # 194015
Email:  kborders@mayerbrown.com
MAYER BROWN
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Carmine R. Zarlenga, III
Email: czarlenga@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Telephone:  (202) 263-3227
Facsimile:  (202) 263-5227

*Attorneys for Defendant Nestle Purina Pet Care
Company*

AMECURRENT 716816401.1 02-Jul-15 08:42

**ORDER**

1

2          SO ORDERED.

3    Dated:   8/10/15

4                                        _____
                                         The Honorable Edward M. Chen
5                                        United States District Judge



6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Frank Lucido et al. v. Nestle Purina Petcare Company,* Case No. 15-cv-00569-EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated this _____ day of _____, 20_____.

_____

Case No. 15-cv-00569-EMC -- STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION

AMECURRENT 716816401.1 02-Jul-15 08:42