UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LUCIDO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NESTLE PURINA PET CARE COMPANY,<br><br>　　　　Defendant. | Case No. 15-cv-00569-EMC<br><br>**SECOND ORDER RE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Docket No. 154 |

　　　　Previously, the Court instructed the parties to meet and confer to more narrowly tailor the above-referenced request to file under seal.  (Plaintiffs formally moved to file under seal but Purina was the party who claimed the information is confidential.)  Having considered the parties' joint brief regarding a narrowed request to file under seal (Docket No. 175) and the Borders declaration in support (Docket No. 177), the Court hereby **GRANTS** in part and **DEFERS** in part the motion to file under seal.

　　　　First, per the parties' agreement, Plaintiffs shall publicly file the revised version of Exhibit 108.

　　　　Second, the Court grants the motion to file under seal with respect to the following documents:

- Plaintiffs' opposition to Purina's summary judgment motion.  (Plaintiffs shall publicly file the redacted version of the opposition.)
- Exhibit 6.
- Exhibit 9.
- Exhibits 32-37.
- Exhibits 39-92.

- Exhibit 110.

Third, the Court defers ruling on the following documents. For these documents, the Court is not satisfied that Purina has established compelling reasons for sealing, as required by *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (explaining that, for dispositive motions, there must be compelling reasons to seal and not just good cause). Purina shall reexamine the documents identified below and, if it continues to assert confidentiality, must provide a more specific declaration to justify a filing under seal.

- Exhibits 2-4. These documents are excerpts from a spreadsheet created by Purina which tracked social media comments made by consumers and Purina's responses to the consumers. Purina admits that the consumer's social media comments were publicly posted. It argues, however, that what Purina tracks and how it responds is confidential and proprietary. But these documents are not policy-type documents, for which a claim of confidentiality might plausibly be made. Moreover, given that the documents are just excerpts, it would seem to be difficult to divine a Purina policy or practice from the documents.
- Exhibits 7-8, 10-31. These documents relate to consumer complaints made to Purina and Purina's responses thereto.[1] Some of these documents appear to contain more confidential-type information, such as (in effect) settlement offers or more internal legal-type analysis. *See, e.g.*, Exhibits 13-14. However, some of these documents are simply assessments made by a veterinarian of a dog's symptoms. One document merely conveys who the adjuster working on the claim will be. *See, e.g.*, Exhibit 7. Purina cannot wholesale designate these exhibits as confidential because they fall into a certain category but rather must evaluate them on a case-by-case basis.
- Exhibit 38. While this e-mail exchange between counsel regarding a reformulation of Beneful contains some confidential information, the request to file under seal

---

[1] The Court takes no issue with redaction of the names of the consumers.

can be more narrowly tailored.

Purina shall file its declaration within a week of the date of this order.

**IT IS SO ORDERED**.

Dated: October 6, 2016

_____
EDWARD M. CHEN
United States District Judge